UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:09CR634 CEJ |
| DANNY HOCHSTATTER, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The Defendant was arrested and brought before the undersigned on or about October 5, 2009. On that date, he was released by the undersigned on a $10,000 unsecured appearance bond, with the undersigned imposing several conditions of release. On February 1, 2010, the Defendant pled guilty to possession of a firearm having reasonable cause to believe it had been stolen, which said firearm had been previously shipped in interstate commerce, in violation of 18 U.S.C. § 922(j). The sentencing in this matter is set on May 4, 2010 before the Honorable Carol E. Jackson.

On February 12, 2010 and February 17, 2010, the Pretrial Services Officer in this matter filed affidavits stating that the Defendant had violated his conditions of release and requesting that a warrant be issued for the Defendant's arrest and a bond revocation hearing held on this matter. On February 17, 2010, the Defendant was arrested on the above warrant and brought before the undersigned. At that time, the Defendant was informed that a bond revocation hearing would be held on February 19, 2010, and he would be brought before the undersigned for this hearing.

At the hearing on February 19, 2010, the undersigned took into consideration the petition in this matter filed under oath by the Pretrial Services Officer, as well as statements made by

the Defendant's attorney and the Government's attorney. The alleged violations include the Defendant's arrest on February 8, 2010 for disturbing the peace. This arrest took place after the Defendant's wife called the police, because the Defendant went to her house and damaged their car. In addition, the Defendant returned to the home after the police were called, and kicked on the door. The Defendant was eventually arrested for these offenses, and was issued a summons for peace disturbance. The Defendant failed to notify the Pretrial Services Officer of this arrest. Further, on February 17, 2010, the Pretrial Services Officer received notice that the Defendant was wanted for three counts of fraudulent use of a credit device. The undersigned has reviewed a copy of the police report in this matter, and it is alleged by the victim (who was not the Defendant's wife) that the Defendant stole her bank card on February 7, 2010 and used it on at least three occasions without her consent. She filed a police report and intends to prosecute this matter. Both of these occurrences took place after the Defendant pled guilty in this matter.

Once a defendant pleads guilty, the defendant is no longer entitled to the presumption of bond. Instead, the defendant should be continued on bond only if the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. In addition, the court may find that the defendant is unlikely to comply with conditions of release. Given the fact that the Defendant was arrested for peace disturbance since his guilty plea, after he was warned to stay away from his wife by the Pretrial Services Officer and the fact that he is somehow involved in the use of a stolen credit card, all leads the undersigned to conclude that the Defendant has not met his burden of showing by clear and convincing evidence that he is not a danger to the community or that he will likely comply with conditions of release. Therefore, the Defendant should be detained pending sentencing.

Accordingly,

**IT IS HEREBY ORDERED** that the bond for Defendant Danny Hochstatter be and is **hereby revoked**.

**IT IS FURTHER ORDERED** that the Defendant be remanded to the custody of the United States Marshal.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  19th  day of February, 2010.